UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>1 SEAL HARBOR ROAD, APARTMENT 407<br>WINTHROP, MASSACHUSETTS;<br><br>ONE 2004 CADILLAC; AND<br><br>$13,808 IN UNITED STATES CURRENCY,<br>    Defendants.<br>_____<br>JOSEPH PETRUCELLI & PAULA PETRUCELLI<br>    Claimants. | Civil Action No. 14-10429-DJC |

## STATUS REPORT AND JOINT MOTION TO STAY

The United States of America, along with Joseph Petrucelli and Paula Petrucelli (collectively, "the Parties"), through undersigned counsel, jointly move the Court to stay the instant matter until disposition of the criminal case of *United States v. Evans*, et al, No. 15-cr-10211-ADB (D. Mass, filed August 4, 2015). In support thereof, the Parties state:

    1.    The United States filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint") against the Defendant Properties on February 26, 2014. *See* Docket No. 1. The Complaint alleges that $13,808 in United States currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to gambling in violation of 18 U.S.C. § 1955. The Complaint further alleges that the Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 1955(d) because they are properties that were used in violation of 18 U.S.C. § 1955.

2. On February 28, 2014, after finding probable cause for forfeiture, the Court issued a Warrant and Monition against the Defendant Properties.  *See* Docket No. 15.

3. On May 21, 2014, Joseph Petrucelli filed a Claim to Property Subject to Complaint for Forfeiture In Rem (Docket 26), and an Answer to Complaint for Forfeiture In Rem (Docket 27).

4. On May 22, 2014, Paula Petrucelli filed a Claim to Property Subject to Complaint for Forfeiture In Rem and an Answer to Complaint for Forfeiture In Rem.  *See* Docket No. 28.

5. On June 18, 2014, the Court issued a Notice of Scheduling Conference, scheduling an initial status conference for August 4, 2014. On August 1, 2014, the Parties filed a Joint Status Report and Motion to Continue the initial status conference to a date in September, .  *See* Docket No. 30.  On August 1, 2014, the Court granted the Motion to Continue, and set a Scheduling Conference for September 15, 2014.  *See* Docket No. 31.

6. On September 10, 2014, Claimant Joseph Petrucelli ("Petrucelli") filed an Assented to Motion to Stay Civil Action (Docket No. 32) and requested that the September 15, 2014 status conference be cancelled. This Court granted Petrucelli's motion, and ordered the parties to file a joint status memorandum by November 7, 2014, to give the Court a status update including but not limited to an update regarding the pending criminal case.  *See* Docket No. 33.

7. On November 7, 2014, Petrucelli again filed an Assented to Motion to Stay Civil Action for an Additional Sixty (60) Days (Docket No. 37).  This Court granted Petrucelli's motion, and ordered a Status Report to be filed by January 7, 2015.  *See* Docket 38.

8.      On February 11, 2015, the United States filed a Joint Status Report and Motion to Stay for an Additional Ninety (90) Days, which this Court allowed, and ordering that a status report be filed by April 7, 2015.  *See* Docket Nos. 39 and 40.

9.      On April 6, 2015, the United States again filed a Joint Status Report and Motion to Stay for an Additional Ninety (90) Days, which this Court allowed, ordering a Status Report to be filed by July 6, 2015.  *See* Docket Nos. 41 and 42.  On July 27, 2015, this Court acknowledged receipt of the Joint Status Report, and requested a supplemental status report "outlining in more detail the status of the pending criminal case" to be filed by August 10, 2015.  *See* Docket No. 44.  On August 10, 2015, the United States filed a supplemental status report and motion to stay (Docket No. 45).  This Court granted the United States' motion, and ordered a further status report to be filed by December 29, 2015.

10.     The undersigned Assistant United States Attorney was recently assigned to this case, and reviewed the docket.  It appears that a status report was not filed by the United States, or any party to this action, on or before December 29, 2015. The undersigned then contacted counsel for Petrucelli, and conferred with him regarding the need to file a further status report, and the substance of same.

11.     On August 4, 2015, a federal grand jury sitting in the District of Massachusetts returned an Indictment charging Petrucelli, and another, with Illegal Gambling Business, in violation of 18 U.S.C. § 1955(a) (Count One).  *See*  United States of America v. John Evans, No. 15-CR-10211-ADB (D. Mass. filed August 4, 2015).

12.     The Indictment also included Forfeiture Allegations pursuant to 18 U.S.C. §§ 1955(d), 981(a)(1)(C), and 28 U.S.C. §2461(c) which provided notice that the United States sought the forfeiture, upon conviction of the defendants, jointly and severally, alleged in Count

One of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense. Such property specifically included, without limitation:

    a. a money judgment equal to the total amount of money used in the illegal gambling business charged in Count One;

    b. a money judgment equal to the total amount of money obtained as proceeds of the illegal gambling business charged in Count One;

    c. the real property located at 1 Seal Harbor Road, Apartment 407, Winthrop, Massachusetts, including all appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 50983, and Page 194 of the Suffolk County Registry of Deeds;

    d. one 2004 red Cadillac CTS sedan, bearing Vehicle Identification Number 1G6DM577X40143200 and Massachusetts Registration RS702V;

    e. $13,808 in United States currency, seized on or about October 11, 2013, from 1 Seal Harbor Road, Apartment 407, Winthrop, Massachusetts;

    f. various jewelry, seized on or about October 11, 2013, from Seal Harbor Road, Winthrop, Massachusetts;

    g. a black BB gun seized on or about October 11, 2013, from 1 Seal Harbor Road, Winthrop, Massachusetts;

    h. a check in the amount of $100, made payable to cash, seized on or about October 11, 2013, from 1 Seal Harbor Road, Winthrop, Massachusetts; and

    i. $4,131 in United States currency, seized from John Evans on March 25, 2014.

13. On January 13, 2016, Petrucelli pled guilty to Count One of the Indictment. He is scheduled to be sentenced on August 31, 2016.

14. The Parties request a stay of this action until the criminal proceeding has concluded. Title 18, United State Code, Section 981(g) provides that a court shall stay a civil forfeiture proceeding (1) upon motion of the United States where civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation of prosecution

of a related criminal case; or (2) upon the motion of a claimant where the claimant is the subject of a related criminal investigation or case and has standing to assert a claim in the forfeiture action, and where the continuation of the forfeiture action might burden the claimant's Fifth Amendment rights. Section 981(g)(4) defines a "related" criminal case or investigation as:

> …an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

15. Here, the pending criminal case arises out of the same facts and circumstances as the instant federal civil forfeiture action. Given the substantial overlap between the criminal case and the civil action, allowing this civil forfeiture action to proceed at this time will adversely affect the criminal case, and may burden the rights of Claimants Joseph Petrucelli and Paula Petrucelli against self-incrimination.

16. Finally, no party will be prejudiced by a stay of this case. The Government seeks to preserve its ability to conduct a related criminal investigation of prosecution of a related criminal case, and avoid premature disclosure during the course of discovery in the civil *in rem* action, and because Petrucelli is the subject of a related criminal case who has asserted a claim in the forfeiture action, continuation of the civil forfeiture action may burden Petrucelli's Fifth Amendment rights.

WHEREFORE, the Parties respectfully request that the Court enter an order pursuant to 18 U.S.C. 981(g) staying this civil forfeiture case until conclusion of the related criminal case, including discovery pursuant to Rules 26 and 16(b) of the Federal Rules of Civil Procedure, and Local Rule 16.1.

Respectfully submitted,

| | | | |
|---|---|---|---|
| | CARMEN M. ORTIZ<br>United States Attorney, | | JOSEPH PETRUCELLI<br>By His Attorney, |
| | /s/ Eve A. Piemonte | | /s/ Carmine P. Lepore |
| By: | EVE A. PIEMONTE<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>eve.piemonte@usdoj.gov<br>BBO #: 628883 | By: | CARMINE P. LEPORE, ESQ.<br>Lepore & Hochman, P.A.<br>One Sprague Street<br>Revere, MA 02151<br>(781) 286-8800<br>cl524@aol.com |

PAULA PETRUCELLI
By Her Attorney,

   /s/ Leo S. Fama, II
By:  Leo S. Fama, II, Esq.
     366 Broadway Ave
     Everett, MA 02149
     (617) 387-7408
     lsfii@everett-law.com

Date:  August 12, 2015

## CERTIFICATE OF SERVICE

I, Eve A. Piemonte, Assistant U.S. Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                   /s/ *Eve A. Piemonte*
                                                   EVE A. PIEMONTE
                                                   Assistant United States Attorney

Date:  August 12, 2016